# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 06-60023-004 |
| VS. | JUDGE DOHERTY |
| JOSEPH NAQUIN | MAGISTRATE JUDGE METHVIN |

### *ORDER OF DETENTION PENDING SENTENCING*

Defendant Joseph Naquin entered a guilty plea this date to one count of conspiracy to possess and pass counterfeit obligations. Following the plea hearing before the district judge, the undersigned magistrate judge held an evidentiary hearing to determine whether defendant is eligible for release on bond pending sentencing. Considering the evidence presented, the applicable law, and the arguments of counsel, the undersigned concludes that defendant must be detained pending sentencing.

### *Findings and Conclusions*

Title 18 U.S.C. §3143(a) governs release of convicted persons pending sentence. Under this section, a person awaiting sentencing must be detained unless the court finds by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

The evidence presented established the following:

1. Defendant has strong family ties in the Western District, and if released, he would reside with family members who could supervise him in accordance with any conditions of release.

2. Defendant is not a risk of flight

3. Defendant has a 9th grade education, and previous employment history in the oilfield.

4. While defendant denied to Pretrial Services that he had any substance abuse problems, his criminal history reflects otherwise. Defendant has had three arrests for driving while intoxicated between 1983 and 1994, and was convicted on one of these counts for second

offense DWI in 1986. Defendant was also arrested in 1981 for disturbing the peace by intoxication.

Furthermore, between 1998 and 1999, defendant was arrested three times for possession or attempted possession of Schedule II drugs, resulting in two convictions.

5. Defendant has been arrested on numerous other charges between 1981 and 2005, including attempted second-degree murder, aggravated assault (three occasions), simple battery on a police officer, attempted forgery (two occasions, one resulting in a conviction), contempt of court (two counts), aggravated battery with a dangerous weapon, issuing worthless checks, bank fraud, violation of protective orders, simple burglary (resulting in a conviction for unauthorized entry of an inhabited dwelling), simple battery domestic violence, and violation of parole (resulting in revocation and the service of a sentence of incarceration, which was recently completed).

6. Considering defendant's extensive criminal history which has continued unabated from 1983 to 2005, and considering defendant's lack of candor to Pretrial Services regarding his substance abuse problems, the undersigned concludes that defendant has failed to show by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community.

### *Directions Regarding Detention*

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending sentencing. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Signed at Lafayette, Louisiana, on December 15, 2006.

Mildred E. Methvin
United States Magistrate Judge